

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MATTHEW W. McQUEEN**
Senior Counsel
phone: (212) 356-2423
fax: (212) 356-3509
email: mmcqueen@law.nyc.gov

June 18, 2021

BY ECF
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

APPLICATION GRANTED
SO ORDERED /s/
VERNON S. BRODERICK
U.S.D.J. 6/21/2021

    Re: Calvin Spence v. City of New York, et. al.
        20 CV 10090 (VSB)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and I represent defendants Kevin Weber and The City of New York ("Defendants") in the above-referenced matter. Defendants write to inform that Court that they intend to file a motion to dismiss the complaint in its entirety and to respectfully request (1) leave to withdraw/amend their answer to the Complaint and (2) a stay of Local Rule 83.10, Plan for Certain Section 1983 Cases Against the City of New York (the "1983 Plan") pending resolution of the defendants' motion.

    By way of background, on December 2, 2020, plaintiff filed the instant complaint alleging that on January 25, 2019, he had been arrested without probable cause, and that the subsequent criminal prosecution terminated in his favor "when all criminal charges were unconditionally dismissed and sealed." (Complaint, Docket Entry No. 1, ¶¶ 19, 74, 97). On December 4, 2020, this case was designated for participation in the 1983 Plan. Pursuant to Section 3 of the 1983 Plan, "[i]f any defendant moves to dismiss the entire complaint rather than filing an answer, the deadlines in this Rule shall be stayed unless the Court orders otherwise." In this case, at the time defendants answered the complaint, they were not in possession of the Certificate of Disposition regarding plaintiff's related criminal matter. A few weeks later, however, defendants received a copy of the relevant Certificate of Disposition and criminal court file, and learned that, contrary to what was alleged in the Complaint, plaintiff actually pled guilty to Disorderly Conduct in satisfaction of all claims charged. Had defendants known at the time

they filed their answer that plaintiff pled guilty, they would have moved to dismiss the Complaint pursuant to Rule 12(b)(6) in lieu of filing an answer.

Once defendants learned this information, the undersigned contacted plaintiff's counsel, Samuel DePaola Esq., in an effort to reach an agreement for a voluntary dismissal of the Complaint. However, no such agreement has been reached as of the writing of this letter.

Accordingly, defendants respectfully request leave of the Court to amend/withdraw their Answer pursuant to Fed R. Civ P. 15, so that they may instead move to dismiss the Complaint pursuant to Rule 12(b)(6).[1] Alternatively, if withdrawal of their answer is not permitted, defendants anticipate moving to dismiss the Complaint pursuant to Rule 12(c).

Additionally, defendants respectfully request that the 1983 Plan be stayed, as contemplated in Section 3 of Local Civil Rule 83.10, in the event that any defendant moves to dismiss the entire complaint rather than filing an answer. To the extent that any portion of the Complaint survives defendants' motion to dismiss, defendants anticipate continuing with the mediation process in accordance with the 1983 Plan.

Accordingly, for the reasons discussed herein, defendants respectfully request (1) leave to withdraw/amend their answer to the Complaint, and (2) a stay of the 1983 Plan pending resolution of defendants' motion to dismiss. Defendants have conferred with plaintiff's counsel, Samuel DePaola, Esq., regarding this request, and the parties propose the following briefing schedule in connection with defendants' anticipated motion to dismiss for the Court's approval:

- Defendants' Motion Due: July 23, 2021
- Plaintiff's Opposition Due: August 30, 2021
- Defendants' Reply Due: September 21. 2021

Defendants thank the Court for its time and consideration in this regard.

Respectfully submitted,

/s/ *Matt McQueen*

Matthew W. McQueen
Special Federal Litigation Division

cc: Samuel C. DePaola, Esq. (by ECF)
*Attorney for Plaintiff*

---

[1] The Court may take judicial notice of the Certificate of Disposition documenting plaintiff's guilty plea. See Washington-Steele v. City of N.Y., No. 18-CV-7431 (RA), 2020 WL 4017938, 2020 U.S. Dist. LEXIS 125946, at *2 n.3 (S.D.N.Y. July 16, 2020) (taking judicial notice of certificate of disposition, grand jury indictment, criminal court complaints and the NYPD arrest report in connection with a motion to dismiss).