UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CALVIN SPENCE,

       Plaintiff,

  -v-                                                                     No.   1:20-cv-10090 (LTS)

CITY OF NEW YORK, KEVIN WEBER,
and JOHN OR JANE DOE 1-10,

       Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

       Plaintiff Calvin Spence ("Spence" or "Plaintiff") brings this action against Police Officer Kevin Weber ("Weber"), John or Jane Doe 1-10 (together with Weber, the "Officer Defendants"), and the City of New York (the "City") (collectively, "Defendants") pursuant to 42 U.S.C. sections 1981 ("Section 1981"), 1983 ("Section 1983"), 1985 ("Section 1985"), and 1986 ("Section 1986"), and New York State law.  Plaintiff alleges that Defendants violated his rights under the federal constitution and New York State law during and after his arrest by the Officer Defendants on January 25, 2019.  (Docket entry no. 1 ("Complaint").)  The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367.

       Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (See docket entry nos. 20, 21 ("Defs. Mem.").)  The Court has reviewed thoroughly all of the parties' submissions and, for the following reasons, Defendants' motion to dismiss the Complaint is denied insofar as it seeks dismissal on the basis of qualified immunity and N.Y. Gen Mun. Law 50-i, but is otherwise granted in its entirety.

BACKGROUND

The following facts, which are alleged in the Complaint or drawn from documents integral to the Complaint, are taken as true for the purpose of Defendants' motion to dismiss.[1] On January 25, 2019, at approximately 7:50 p.m., Plaintiff Spence, who is African-American, was present in the vicinity of the southeast corner of East 116th Street and 3rd Avenue in Manhattan. (Complaint ¶¶ 8, 19.) At 7:56 p.m., the NYPD received a 911 call reporting that, in the vicinity of 189 E. 116th Street in Manhattan, the caller had observed an Hispanic male wearing a black coat and black hooded sweatshirt pull out a silver gun and put it back "at his side." (Docket entry no. 23-2 ("SPRINT Report") at 2.) Weber and another police officer, Lieutenant Robert King ("King"), who is not named as a defendant, responded to the scene. (Docket entry nos. 23-3 ("Stop Report") at 2-3; 23-7 ("Criminal Complaint and Supporting Depositions") at 2-4.) Upon arriving at the scene, an MTA bus driver, Pierre Cyriaque ("Cyriaque"), pointed at plaintiff, who was wearing a black coat, and stated, in sum and substance, "it's him." (Stop Report at 3; docket entry no. 23-4 ("Arrest Report") at 2; Criminal Complaint and Supporting Depositions at 2.) Spence, who was walking nearby, was then "confronted and assaulted by Defendants, including JOHN OR JANE DOE 1-10."[2] (Compl. ¶ 20.) The Officer Defendants then "forcibly struck the Plaintiff with a gun to his head, throwing

---

[1] For purposes of this motion, the Court also takes judicial notice of matters of public record pertaining to Mr. Spence's arrest and subsequent criminal prosecution. "[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments and criminal disposition data." Wims v. New York City Police Dept., No. 10-CV-6128-PKC, 2011 WL 2946369, at *2 (S.D.N.Y. Jul. 20, 2011) (internal quotation marks and citation omitted).

[2] Here, and throughout the Complaint, Plaintiff pleads factual allegations as against either "Defendants, including JOHN OR JANE DOE 1-10" or "Defendants, including WEBER, unidentified officers, JOHN OR JANE DOE 1-10." (See Complaint ¶¶ 20-30.)

him to the floor, then kneed and kicked Plaintiff in his back while he was helpless on the ground." (Id. ¶ 21.) While Plaintiff "was helpless and defenseless and not resisting in any way, on the ground, [the Officer Defendants] punched, kicked, and struck Plaintiff in his body, face, and head repeatedly." (Id. ¶ 26.) At no time prior to Plaintiff's physical altercation with the Officer Defendants did the Officer Defendants identify themselves as police officers. (Id. ¶ 23.) Plaintiff further asserts that, "at no time prior to . . . having a gun pointed in his face, tackled and slammed to the ground, punched, kicked and struck to his body face and head did [the Officer Defendants] observe Plaintiff committing a crime or violation of the law." (Id. ¶ 24.) Plaintiff also asserts that "at no time did [he] give [the Officer Defendants] a reason or justification to violently assault and batter him." (Id. ¶ 22.) After "taking [Spence] into custody," Weber and King searched Spence and recovered a silver screwdriver. (Stop Report at 3.) Generally, Plaintiff asserts that he "was searched and seized in an unlawful and excessive manner by" the Officer Defendants. (Id. ¶¶ 25.) At some point, either before or after Plaintiff's apprehension by Weber and King, Cyriaque informed Weber and King that he had a verbal confrontation with Spence prior to Weber and King's arrival on the scene, in which Spence yelled "you don't care" while holding a screwdriver. (Criminal Complaint and Supporting Depositions at 2.)

        Following this, Spence was charged by the New York County District Attorney's Office with Menacing in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, and Menacing in the Third Degree. (Criminal Complaint and Supporting Depositions at 1.) On December 12, 2019, Spence pled guilty to Disorderly Conduct, in satisfaction of all

crimes charged in connection with original arrest.[3]  (Docket entry no. 23-8 ("Certificate of Disposition").)

## Discussion

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor.  Id. at 664.  The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions.  Id. (citing Twombly, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  Id. at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference to the complaint."  Rogers v. Blacksmith Brands, Inc., No. 11-CV-1940-VB, 2011 WL 6293764, at *4 (S.D.N.Y. Dec. 13,

---

[3]   Despite alleging in the Complaint that "all criminal charges were unconditionally dismissed and sealed,"  (Complaint ¶¶ 90, 97), Spence concedes in his opposition that his charges were "conditionally dismissed by condition of the acceptance of a guilty plea for Disorderly Conduct" (docket entry no. 27 ("Pl. Mem.") at 8).

2011) (quoting DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010)).  A court may also take judicial notice of documents that are "integral to the complaint," defined as a document upon which "the complaint relies heavily upon its terms and effect."  Goel v. Bunge, Ltd., 820 F. 3d 554, 559 (2d Cir. 2016) (quotation omitted).  A court may also consider documents which are "relevant matters of public record."  Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) (taking judicial notice of a documents stemming from a relevant criminal prosecution in state court).

Many of Plaintiff's claims arise under Section 1983.  A claim for relief under Section 1983 must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage."  42 U.S.C.A. § 1983 (Westlaw current through P.L. 117-168).  "[T]o state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law."  Hopkins v. Comptroller, No. 22-CV-4505-LTS, 2022 WL 2954350, at *2 (S.D.N.Y. Jul. 26, 2022) (citation omitted).  Here, Plaintiff's claims under Section 1983 are predicated on allegations that he was subjected to false arrest and imprisonment, unlawful search and seizure, malicious prosecution, malicious abuse of process, denial of right to a fair trial, deprivation of rights and denial of equal protection of the law, failure to intervene, and excessive force by the Officer Defendants.  (Compl. ¶¶ 50-160.)  Other than his claim of excessive force, Plaintiff also pleads each of these claims as arising under New York State law.  (Id.)

As to each of his state law claims against the Officer Defendants (Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, and Sixteen), Plaintiff seeks to extend liability to the City under the doctrine of respondeat superior.  (Compl. ¶¶ 56, 70, 80, 91, 105, 119, 135, 155.)

"Respondeat superior is not an independent cause of action, but a theory of liability that must attach to an underlying claim." Alexander v. Westbury Union Free School Dist., 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011) (citing Harsco Corp. v. Segui, 91 F.3d 337, 349 (2d Cir. 1996) (dismissing claims for liability under respondeat superior because plaintiff's claims had "no surviving theory of liability")). Accordingly, where the Court dismisses Plaintiff's state law claims against the Officer Defendants, Plaintiff's accompanying theory of liability against the City is dismissed as well.

False Arrest and Imprisonment (Counts Three and Four)

"In New York, the tort of false arrest is synonymous with that of false imprisonment." Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991) (citing Jacques v. Sears, Roebuck & Co., 30 N.Y.2d 466 (N.Y. 1972)). "A § 1983 claim for false arrest [or false imprisonment], resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." Soliman v. City of New York, 15-CV-5310-PKC-RER, 2017 WL 1229730, at *13 (E.D.N.Y. Mar. 31, 2017) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). To prevail on a claim for false arrest or unlawful imprisonment, "a plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Jocks v. Tavernier, 316 F.3d 128, 134-35 (2d Cir. 2003) (internal quotation marks and citation omitted). "If probable cause existed . . . a police officer [is] privileged to make an arrest." Id.; see also Timmins v. Toto, 91 F. App'x 165, 166 (2d Cir. 2004) ("[I]n this Circuit, a plaintiff cannot establish any such claim [of false arrest] if he pleads guilty to a lesser offense pursuant to a plea agreement.").

Spence's claim of false arrest and false imprisonment must be dismissed because his guilty plea to disorderly conduct establishes, as a matter of law, that probable cause existed for his arrest.  "A conviction or guilty plea conclusively establishes that probable cause existed and bars a § 1983 claim, even if the conviction or plea is to a lesser charge." Cuellar v. Love, No. 11-CV-3632-NSR, 2014 WL 1486458, at *5 (S.D.N.Y. Apr. 11, 2014) (collecting cases) (internal citations omitted).  "This is true even if the plaintiff was convicted or pled guilty to disorderly conduct, which under state law is a violation [rather than a criminal offense] under the Penal Law." Id. (collecting cases).  Accordingly, Spence's guilty plea to disorderly conduct precludes him from pursuing a claim for false arrest or false imprisonment under either Section 1983 or New York State law.  Counts Three and Four are therefore dismissed.

Unlawful Search and Seizure (Counts One and Two)

Spence's claims of an unlawful search and seizure, under both Section 1983 and New York State law, are similarly barred by his guilty plea, which conclusively establishes that his arrest was lawful and, therefore, the Officer Defendants were entitled to conduct a warrantless search of his person.  "Typically, a search requires a warrant to be reasonable under the Fourth Amendment; however, the search-incident-to-arrest doctrine is an exception to the Fourth Amendment's warrant requirement." Taylor v. City of New York, No. 19-CV-6754-KPF, 2022 WL 744037, at *17 (S.D.N.Y. Mar. 11, 2022) (citing United States v. Diaz, 854 F.3d 197, 205 (2d Cir. 2017)).  "Under this doctrine, the lawful arrest itself establishes the legality of the search, which means that an unlawful search claim turns on the existence of probable cause." Id. (citing United States v. Robinson, 414 U.S. 218, 235 (1973)).  This doctrine applies equally to Spence's claims arising under state law.  See Bancroft v. City of Mount Vernon, 672 F. Supp. 2d 391, 401 n.4 (S.D.N.Y. 2009) ("The standard for what constitutes a constitutionally

reasonable search is the same under federal and New York State law."). Because Spence's guilty plea conclusively establishes the existence of probable cause for both his arrest and subsequent search, Counts One and Two must also be dismissed.

Malicious Prosecution (Counts Seven and Eight)

"To assert a claim under § 1983 for malicious prosecution, a plaintiff must allege that his Fourth Amendment rights were violated, and that the elements of the state-law tort of malicious prosecution are present." De Santis v. City of New York, No. 10-CV-3508-NRB, 2011 WL 4005331, at *7 (S.D.N.Y. Aug. 29, 2011) (citing Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010)). Under New York law, these elements are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Manganiello, 612 F.3d at 161 (internal quotation marks and citation omitted). Here, Plaintiff's guilty plea to disorderly conduct both establishes probable cause for commencement of the proceeding and bars satisfaction of the second element (favorable termination). See, e.g., John v. Lewis, Nos. 15-CV-5346, 15-CV-6853, 2017 WL 1208428, at *10 (E.D.N.Y. Mar. 31, 2017) ("In this Circuit, a plaintiff cannot establish any false arrest or malicious prosecution claim if he pleads guilty to a lesser offense pursuant to a plea agreement.") (quoting Timmins, 91 Fed. Appx. at 166) (alterations omitted); see also Wims v. New York City Police Dept., No. 10-CV-6128-PKC, 2011 WL 2946369, at *2 (S.D.N.Y. Jul. 20, 2011) ("When a charge is dismissed as part of a plea bargain, the dropped charge is not a favorable termination sufficient to support a malicious prosecution claim."). Thus, Spence cannot bring a claim under Section 1983 or New York State law for malicious prosecution. Counts Seven and Eight are dismissed.

Malicious Abuse of Process (Counts Nine and Ten)

A plaintiff may bring a malicious abuse of process claim "against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of New York, 331 F.3d 63, 69-70 (2d Cir. 2003) (citation omitted). Here, too, Spence's plea to disorderly conduct bars his claim. See Scott v. City of New York, 19-CV-6289-JPO, 2022 WL 846929, at *4 (S.D.N.Y. Mar. 22, 2022) ("[T]he presence of probable cause negates a claim for abuse [of process]."). Accordingly, Counts Nine and Ten are dismissed.

Denial of Right to a Fair Trial (Counts Eleven and Twelve)

To state a claim for denial of a right to a fair trial, a plaintiff must assert that "(1) an investigating officer (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result." Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016) (citation omitted). Here, Spence's claim fails because he has not alleged any facts, rather than legal conclusions, in support of his claim.

Spence asserts that "Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision" and that "Defendants forwarded said false information to the District Attorney's Office," which "resulted in post-arraignment deprivation to Plaintiff's liberty and freedom of movement." (Compl. ¶¶ 115-117.) Fatally, Spence fails to provide any factual allegations describing what "false evidence" was fabricated or which of the

Officer Defendants are alleged to have fabricated it.[4]  See Lewis v. City of New York, 591 F. Appx. 21, 22 (2d Cir. 2015) ("We agree with the district court that because [Plaintiff] has provided no detail regarding the evidence purportedly fabricated by the defendant officers, he has not stated a plausible claim for denial of the right to a fair trial.")  Counts Eleven and Twelve are therefore dismissed.  The Court grants Spence leave to provide facts describing what "false evidence" was allegedly fabricated, which defendants he alleges were responsible for the fabrication, and the nature of the "post-arraignment deprivation to [Spence]'s liberty and freedom of movement."  (Compl. ¶ 117.)

Equal Protection Claim (Counts Thirteen and Fourteen)

Spence brings claims for denial of equal protection of the laws under Section 1981, Section 1983, and New York State law.  "To establish a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must ordinarily show the following: (1) that the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004) (alterations and citation omitted).  Defendants argue that this claim fails because the Complaint "fails to identify

---

[4]     In his opposition to Defendants' motion to dismiss, Spence contends that he has "unambiguously alleged that defendants, including Sample, Liebowitz, and John Doe 1, fabricated the existence of an anonymous eyewitness who provided defendants with incriminating evidence against plaintiff."  (Pl. Mem. at 19.)  In support of this assertion, Spence cites paragraphs 68 and 69 in the Complaint which, on the Court's review, do not provide such support.  (See Complaint ¶¶ 68, 69) (containing allegations pertaining to Plaintiff's false imprisonment claim).  The Court further notes that Spence's memorandum of law refers repeatedly to putative defendants, such as "Sample," "Liebowitz," and "Walsh," who are not parties to this action.  (See, e.g., Pl. Mem. at 19 (Liebowitz), 27 (Walsh), 28 (Sample).)

any other 'similarly situated' individuals who have received different treatment" than Spence. In support of this proposition, Defendants cite Case v. City of New York, in which the Court held that "Plaintiffs[] cannot maintain their equal protection claim because they fail to adequately allege that they were treated differently from 'others similarly situated.'" (Defs. Mem. at 14 (citing 233 F. Supp. 3d 372, 394 (S.D.N.Y. Feb. 10, 2017) (quoting Lisa's Party City, Inc. v. Town of Henrietta, 185 F. 3d 12, 16 (2d Cir. 1999)).) In his opposition, Spence does not put forth any arguments responsive to Defendants' motion to dismiss this claim. Spence is therefore deemed to have conceded that issue, and his claim therefore fails. See Kao v. British Airways, PLC, No. 17-CV-0232-LGS, 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) ("Plaintiffs' failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue.") Counts Thirteen and Fourteen are dismissed. The Court grants Spence leave to provide facts in support of the assertion that he was treated differently than others similarly situated, and that such selective treatment was based on one or more of the impermissible considerations outlined above.

Conspiracy to Interfere with Civil Rights Claim (Count Fifteen)

Spence brings a claim against the Officer Defendants under Sections 1981, 1983, 1985, and 1986, alleging that there was a conspiracy to interfere with his civil rights, and that the Officer Defendants failed to prevent said conspiracy. Specifically, Spence alleges that "Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal protection of the laws, or of the privileges and immunities under the laws," that "Defendants committed overt acts in furtherance of their conspiracy," and that "Defendants' conspiracy was motivated by some racial, or otherwise class-based, invidious discriminatory animus." (Compl. ¶¶ 147-148, 150.)

As an initial matter, Plaintiff's factual allegations are legal conclusions rather than factual allegations, and therefore fail to satisfy the pleading requirements of Rule 8.  See Fed. R. Civ. P. 8; Iqbal, 556 U.S. at 678 (holding that the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action").

Further, it is likely that Plaintiff's claims for conspiracy are barred by the intra-corporate conspiracy doctrine.  "The intra-corporate conspiracy doctrine prohibits claims against the employees of the same entity acting within the scope of their employment, because they 'are considered a single entity and are legally incapable of conspiring with each other.'"  Nollah v. New York City, 17-CV-634-JPO, 2018 WL 4636847, at *4 (S.D.N.Y. Sept. 27, 2018) (quoting Biswas v. City of New York, 973 F. Supp. 2d 504, 534 (S.D.N.Y. 2013)).  "Although the Second Circuit has yet to extend this doctrine to [Section] 1983 conspiracy claims, courts in this district have uniformly applied this rule to Section 1983 cases as well."  Id. (collecting cases) (internal quotation marks omitted).  Claims under Section 1986 are similarly barred under the intra-corporate conspiracy doctrine.  See Murphy v. City of Stamford, 634 F. Appx. 804, 805 (2d Cir. 2015) (affirming district court's ruling that conspiracy claims under both Section 1985 and 1986 are barred by the intra-corporate conspiracy doctrine).

In his opposition, Spence argues that his conspiracy claims "fall within the 'personal stake exception' to the intra-corporate conspiracy doctrine" (Pl. Mem. at 21), but provides no factual allegations supportive of that conclusion.  The personal stake exception applies "when the alleged conspirators are motivated by an improper personal interest separate and apart from that of their principal."  Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 388 (S.D.N.Y. 2013) (citation omitted).  In the law enforcement context, this exception applies when "law enforcement allegedly exercises official duties in unconstitutional ways in

order to secure personal benefit." Alvarez v. City of New York, No. 11-CV-5464-LAK, 2012 WL 6212612, at *3 (S.D.N.Y. Dec. 12, 2012).  Here, Spence fails to allege facts indicating that any of the Defendants' actions were motivated by an improper personal interest, such that the personal stake exception applies.  The Court dismisses this claim, but grants Spence leave to amend his complaint to provide facts specifying the nature of any alleged conspiracy and actions of particular Defendants that are supportive of the legal conclusion that Defendants were motivated by some improper personal interest.

Excessive Force (Count Six), Failure to Intervene (Counts Sixteen and Seventeen), and Assault and Battery (Count Five)

   Spence's remaining claims against the Officer Defendants, for excessive force, failure to intervene, and assault and battery, fail because they are reliant upon impermissible group pleading.  "Pleadings that fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." Adamou v. County of Spotsylvania, Virginia, 12-CV-07789-ALC-SN, 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) (citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)); see also Spring v. Allegany-Limestone Cent. Sch. Dist., 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015), aff'd in part and vacated in part on other grounds, 655 Fed. Appx. 25 (2d Cir. 2016) ("Because the personal involvement of a defendant is a prerequisite to an award of damages under § 1983, a plaintiff cannot rely on a group pleading against all defendants without making specific factual allegations.")  In the Complaint, every allegation made against the Officer Defendants is attributed to either "Defendants, including JOHN OR JANE DOE 1-10" (Complaint ¶ 20), or "Defendants, including WEBER, unidentified officers, JOHN OR JANE DOE 1-10" (Complaint ¶¶ 21-30).  Because Spence fails to plead with specificity sufficient to "give each defendant fair notice of

what the plaintiff's claim is and the ground upon which it rests," Atuahene, 10 Fed. Appx. at 33, Counts Five, Six, Sixteen, and Seventeen are dismissed. The Court grants Spence leave to provide facts specifying the wrongful conduct each individual defendant is alleged to have committed.[5]

Qualified Immunity

Defendants also move for dismissal as to all claims against the Officer Defendants on the basis that the Officer Defendants are entitled to qualified immunity. Because the Court is dismissing each of these claims on other grounds, the Court denies this element of Defendants' motion as moot, without prejudice to renewal should Plaintiff choose to replead his claims.

Negligent Hiring/Training/Retention/Supervision Claim (Count Eighteen)

Plaintiff asserts claims under New York State law against the City for negligent hiring, training, retention, and supervision of the Officer Defendants. "A claim for negligent supervision or retention arises when an employer places an employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in supervising or retaining the employee." Bouchard v. New York Archdiocese, 719 F. Supp.2d 255, 261 (S.D.N.Y. Mar. 24, 2010) (quoting Vione v. Tewell, 12 Misc. 3d 973, 980 (N.Y. 2006)).

> To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which cause the injury prior

---

[5] The Court notes that the other claims already dismissed, but for which Spence has been given leave to replead, are similarly pled against Defendants as a group. Should Plaintiff choose to replead those claims, he must do so with the specificity required to state a claim under Rule 8 of the Federal Rules of Civil Procedure.

>to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels.

Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004) (internal citations omitted).

Here, again, Spence provides only legal conclusions, rather than factual allegations, in support of his claim.  Spence proffers that "Defendant City knew or reasonably should have known of its employee Defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff" (Compl. ¶ 165) and that "Defendant City failed to take reasonable measures in hiring, training, retaining, and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff" (id. ¶ 166).  These are not factual allegations, and are therefore insufficient to support Spence's negligence claim against the City.  See Fed. R. Civ. P. 8; Iqbal, 556 U.S. at 678 (holding that the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action").  The Court dismisses Count Eighteen, but grants Spence leave to amend his complaint to provide facts supportive of a claim for negligence against the City.

Municipal Liability (Count Nineteen)

Spence brings a claim against the City under Section 1983, alleging that the City maintained an official policy or custom that caused him to be deprived of his civil rights.  To prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."  Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citation omitted).  Merely alleging a constitutional deprivation is insufficient.

"Congress did not intend municipalities to be held liable [under Section 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  "In other words, a municipality may not be found liable simply because one of its employees committed a tort." Roe, 542 F.3d at 36 (citing Bd. Of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997)).

Here, Spence fails to specify a particular policy responsible for his injuries, or to adequately allege a causal link between the two.  Regarding the alleged policy, Spence proffers that "Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the exposure of individuals, such as Plaintiff, to such violative behavior." (Compl. ¶ 169.)  As this is a legal conclusion, rather than a factual allegation, it is insufficient on its own to support a claim under Section 1983.  What factual allegations are contained in the Complaint take the form of citations to news articles reporting on a variety of dissimilar forms of police misconduct, over a period of years.  (See Compl. ¶¶ 35-40.)  As Defendants correctly note, such a "'grab bag of [news articles] involving dissimilar . . . misconduct fails to support an inference of deliberate indifference on the part of the City with respect to the specific misconduct alleged here.'"  (Defs. Mem. at 22) (quoting Nunez v. City of New York, No. 14-CV-4182, 2016 WL 1322448, at *10 (S.D.N.Y. Mar. 31, 2016)).

Spence also fails to allege adequately that the City's actions caused his constitutional deprivation.  "[A] plaintiff must establish a causal connection–an affirmative link—between the policy and the deprivation of his constitutional rights." Johnson v. City of New York, No. 06-CV-9426, 2011 WL 666161, at *3 (S.D.N.Y. Feb. 15, 2011); see also Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) ("Absent a showing of a causal link between an

official policy or custom and the plaintiffs' injury, Monell prohibits a finding of liability against [a municipality].")  Here, Spence's allegations of causation are conclusory and entirely speculative.  (See Compl. ¶ 43 ("DEF's actions were so blatantly violative of P's civil rights that tacit approval of similar acts by [policymakers of] the NYPD and City . . . should be inferred" ); id. ¶ 44 ("Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD . . . will become known after completion of discovery."), id. ¶ 45 ("Upon information and belief, the personnel files . . . of the [O]fficer Defendants will reveal a history of constitutional violations indicative of Defendant City's knowledge that the individual [O]fficer [D]efendants were unfit for employment as NYPD Officers.").)  Such "[c]onclusory allegations [based upon] 'upon information and belief' are insufficient to establish a Monell claim" where a plaintiff "does not explain which facts, other than [his own experience] support [his] belief that his alleged deprivation of rights is part of the [municipal] Defendants' existing customs, patterns, or practices."  Fleming v. City of New York, No. 18-CV-4866-GBD, 2019 WL 4392522, at *8 (S.D.N.Y. Aug. 27, 2019) (internal quotation marks omitted).  For these reasons, the Court dismisses Count Nineteen.  The Court grants Spence leave to replead to provide factual allegations, not legal conclusions, in support of his claim of the existence of an official policy responsible for his injuries, and a causal link between the two.

Compliance with N.Y. Gen Mun. Law. 50-i

    Defendants contend that Plaintiffs' state law claims must also be dismissed for Spence's failure to comply with N.Y. Gen. Mun. Law section 50-i ("Section 50-i").  This provision holds that "it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of [the notice of claim] . . . and that

adjustment or payment thereof has been neglected or refused . . . ." N.Y. Gen. Mun. Law § 50-i. While Defendants are correct that the Complaint is deficient in this respect, see Lambert v. City of New York, No. 12-CV-4715-AT, 2014 WL 8708238, at *8 (S.D.N.Y. June 16, 2014) ("In a federal court, state notice-of-claim statutes apply to state-law claims."), Courts routinely deem a complaint amended where the notice of claim was in fact timely filed and the City has suffered no prejudice by a plaintiff's failure to include the "magic words required by 50-i." See Nickey v. City of New York, No. 11-CV-3207, 2013 WL 5447510, at *11 (E.D.N.Y. Sept. 27, 2013) (deeming complaint amended in exercise of court's discretion where plaintiff timely filed notice of claim and defendants have not alleged prejudice); see also Bravo v. City of New York, 122 A.D.2d 761, 762 (N.Y. App. Div. 1986) (same). Here, Defendants concede that more than thirty days have elapsed since the service of the notice of claim and that adjustment or payment thereof has been neglected or refused. (Docket entry no. 33 at 10.) Accordingly, Spence's complaint should be deemed amended to conform with the requirements of Section 50-i. Defendants' motion to dismiss Spence's state law claims on this basis is denied.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss is denied insofar as it seeks dismissal of the Complaint on the basis of qualified immunity and Section 50-i, and is otherwise granted in its entirety. Counts One, Two, Three, Four, Seven, Eight, Nine, Ten, Eleven, and Twelve are dismissed with prejudice. Plaintiff is granted leave to replead the claims asserted in Counts Five, Six, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, and Nineteen.

Any such amended Complaint shall be filed and served within 21 days from the date of this Memorandum Opinion and Order. Any claims that are not timely repleaded will be dismissed with prejudice and without further advance notice to Plaintiff. This order resolves docket entry no. 20.

SO ORDERED.

Dated: New York, New York
September 28, 2022

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 Chief United States District Judge